```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
NEIL and KRISTINE MARKEY, individually,
and on behalf of all others similarly situated,

                        Plaintiffs,                ORDER

      -against-                                    CV 12-4622 (JS) (ETB)

LAPOLLA INDUSTRIES, INC., a Delaware
corporation; LAPOLLA INTERNATIONAL,
INC., a Delaware corporation; and DELFINO
INSULATION COMPANY, INC., a New
York Corporation,

                        Defendants.
----------------------------------------------------------------------X
```

On April 18, 2013, the Court sua sponte stayed discovery pending a determination by the Judicial Panel on Multidistrict Litigation (the "JPML") as to whether or not this action should be transferred and consolidated, along with approximately eight or nine other pending actions, into a mulitidstrict litigation (the "MDL").  The Court directed the parties to brief the issue of whether or not discovery should continue to be stayed.  Defendants LaPolla Industries, Inc. and Delfino Insulation Company, Inc., both oppose the stay and seek to have it vacated.  The plaintiffs request that the stay of discovery remain in place.[1]  For the following reasons, the stay of discovery imposed by the Court is continued pending the JPML's determination whether or not transfer this case.

"Under Rule 26(c) of the Federal Rules of Civil Procedure, a court may, in its discretion,

---

[1] The Court notes that although plaintiffs did not request a stay of discovery, and, in fact, participated in drafting a joint proposed discovery plan, they now seek to maintain the stay imposed by the Court sua sponte.

stay discovery 'for good cause.'" Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc., No. 08 Civ. 2437, 2009 U.S. Dist. LEXIS 7905, at *3 (S.D.N.Y. Feb. 3, 2009). A court determining whether to grant a stay of discovery must look to the "particular circumstances and posture of each case." Hachette Distribution, Inc. v. Hudson County News Co., Inc., 136 F.R.D. 356, 358 (E.D.N.Y. 1991). Courts consider the following factors in determining whether a stay of discovery is appropriate: (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. See Telesca v. Long Island Housing P'ship, Inc., No. CV 05-5509, 2006 U.S. Dist. LEXIS 24311, at *1 (E.D.N.Y. Apr. 27, 2006) (citing In re Currency Conversion Antitrust Litig., No. 1409 M 21-95, 2002 U.S. Dist. LEXIS 974, at *1 (S.D.N.Y. Jan. 22, 2002)).

The Court finds that good cause exists for staying discovery in the within action. In the event that this action is transferred to the MDL, allowing discovery to go forward could result in inconsistent pretrial rulings. "[A]ny decisions made before the MDL Panel rules on the transfer application could be contradicted by another court or might need to be relitigated." Royal Park Investments SA/NV v. Bank of Am. Corp., Nos. 13 Civ. 490, 13 Civ. 491, 13 Civ. 492, 13 Civ. 494, 13 Civ. 501, 2013 U.S. Dist. LEXIS 53452, at *13 (S.D.N.Y. Apr. 12, 2013) (citation omitted). Accordingly, "the risk of hardship . . . of engaging in duplicative . . . discovery proceedings outweighs any prejudice that could possibly inure to [the parties]." Id. (quoting North v. Merck & Co., Inc., No. 05-CV-6475L, 2005 WL 2921638, at *2 (W.D.N.Y. Nov. 4, 2005)); see also Krieger v. Merck & Co., Inc., No. 05-CV-6338L, 2005 U.S. Dist. LEXIS 27633, at *6 (W.D.N.Y. Nov. 4, 2005) (same).

Moreover, as reported by the parties, the JPML hearing on whether or not to transfer this action to the MDL is scheduled for May 30, 2013 - less than two weeks from now. Courts have found that such a short delay in the proceedings caused by the stay will not prejudice the parties. See Royal Park Investments, 2013 U.S. Dist. LEXIS 53452, at *11 (collecting cases).

Finally, imposing a stay of discovery here will "conserve judicial resources, one of the fundamental goals of multidistrict litigation practice." Id. at *16 (citing North, 2005 WL 2921638, at *2) (additional citations omitted).

For the foregoing reasons, the stay of discovery imposed by the Court on April 18, 2013 is hereby continued pending the determination by the JPML as to whether or not to transfer this action to the MDL.

**SO ORDERED:**

Dated: Central Islip, New York
May 21, 2013

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge