IN THE UNITED STATES DISTRICT COURT
FOR THE EASTEN DISTRICT OF NEW YORK

| | |
|---|---|
| NEIL MARKEY and KRISTINE MARKEY, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>LAPOLLA INDUSTRIES, INC., a Delaware Corporation; LAPOLLA INTERNATIONAL, INC. a Delaware Corporation; and DELFINO INSULATION COMPANY, INC., a New York Corporation,<br><br>    Defendants. | Civil Action No. 2:12-cv-04622-JS-ETB |

**REVISED JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

1. **State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

   The parties held the Rule 26(f) conference on April 16, 2013 and conferred regarding this revised case management plan, as ordered by the Court, June 27 through 29, 2013.

   David Ratner and David Sirotkin appeared on behalf of Plaintiffs.

   > Morelli Alters Ratner, P.C.
   > 950 Third Avenue, 11th Floor
   > New York, New York 10022
   > Tel. (212) 751-9800
   > Fax (212) 751-0046

   Matthew A. Kornhauser, Dylan B. Russell and Sidney C. Watts appeared on behalf of Defendant Lapolla Industries Inc. (improperly pled as both "Lapolla Industries, Inc." and "Lapolla International, Inc.")

   > Hoover Slovacek LLP
   > 5847 San Felipe, Ste. 2200
   > Houston, Texas 77057

1

       Tel. (713) 977-8686 / Fax (713) 977-5395

Robert W. Gifford appeared on behalf of Defendant Delfino Insulation Company, Inc.

       McElroy, Deutsch, Mulvaney & Carpenter, LLP
       Wall Street Plaza
       88 Pine Street 24th Floor
       New York, New York 10005
       Tel: (212) 483-9490 / Fax: (212) 483-9129

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   Lapolla Industries, Inc. v. Aspen Specialty Insurance Company and Aspen Specialty Insurance Management, Inc., Civil Action No. 12-cv-05910, in the United States District Court, Eastern District of New York.

   In re: Spray Polyurethane Foam Insulation Litigation, MDL Docket No. 2444, before the United States Judicial Panel on Multidistrict Litigation, which has been disposed.

3. **Briefly describe what this case is about.**

   Plaintiffs' alleged personal injury, economic injury, and property damage related to the application of allegedly defective spray polyurethane foam insulation, allegedly manufactured and/or installed by Defendants.

   Defendants strictly deny the allegations.

4. **Specify the allegation of federal jurisdiction.**

   The jurisdiction is conferred on this Court by the provisions of 28 U.S.C. 1332(d)(2) and 28 U.S.C. 1711.

5. **Name the parties who disagree and the reasons.**

   None.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None are known at this time.

7. **List anticipated interventions.**

   None are anticipated at this time.

DBR   171347-27

8. **Describe class-action issues.**

   Plaintiffs allege the existence of a class of similarly situated individuals. Defendants deny that such a class exists, deny that Plaintiffs have, or are able to, satisfy any of the Rule 23 requirements for class certification.

   The parties request that the Court set the deadline for Plaintiffs to submit their brief and supporting evidence for class certification on or before April 1, 2014. Defendants' response briefs will be due on or before April 22, 2014. Plaintiffs' reply brief will be due on May 6, 2014.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   Defendants served their respective Initial Disclosures on May 2, 2013. Plaintiffs served their Initial Disclosures on May 3, 2013.

10. **Describe the proposed agreed discovery plan, including:**

    A. **Responses to all the matters raised in Rule 26(f).**

       Defendants assert that discovery should be bifurcated to streamline costs and for judicial economy, and request that discovery be limited only to Plaintiffs' individual claims of injury, and to those issues that will assist the Court in ruling on Plaintiffs allegations of a class of similarly situated individuals.

       The exchange of written requests for the production of documents and responses will be conducted pursuant to Rule 34, and limited by the Court's instruction regarding the initial scope of discovery prior to the ruling on Plaintiff's certification allegations.

       Regarding Rule 26(f)(3), the parties agree that electronically stored information (ESI) should be produced in an accessible standard format and on a standard media (e.g., hard drive, USB, CD-ROM, DVD, flash drive, ZIP disk, tapes or otherwise). Parties will make reasonable efforts to make sure ESI is produced in an electronically readable format so that the ESI is compatible with the generally used software.

       Regarding Rule 26(f)(4), the parties agree that if privileged or other protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain return of the material without a waiver.

    B. **When and to whom the plaintiff anticipates it may send interrogatories.**

       Plaintiff anticipates sending written discovery requests to Defendants on or before July 15, 2013.

C. **When and to whom the defendant anticipates it may send interrogatories**.

Defendant Lapolla anticipates sending written discovery to Plaintiffs on or before July 15, 2013.

Defendant Lapolla anticipates written discovery requests sending to Defendant Delfino on or before July 15, 2013.

Defendant Delfino anticipates sending written discovery to Plaintiffs on or before July 15, 2013.

Defendant Delfino anticipates sending written discovery requests to Defendant Lapolla on or before July 15, 2013.

D. **Of whom and by when the plaintiff anticipates taking oral depositions**.

Plaintiffs anticipate deposing executives from Lapolla, including, but not limited to employees from the company's marketing, regulatory, development, and sales departments. Plaintiffs anticipate deposing executives from Delfino including, but not limited to, the installers who installed the SPF in Plaintiffs' home, the Delfino employees who spoke to Plaintiffs about the sale and installation, and the people who came to Plaintiffs' home to respond to complaints about the SPF installation. Plaintiffs will depose Defendants' experts, who will be disclosed later in the litigation. Plaintiffs will learn the identities of the aforementioned people when they receive Defendants' initial disclosures. Plaintiff anticipates completing such depositions by the close of discovery, which it anticipates will be on December 15, 2013.

E. **Of whom and by when the defendant anticipates taking oral depositions**.

Before the close of the initial discovery period, Defendant Lapolla anticipates taking the depositions of the following persons and/or companies:

Plaintiffs, their children, any witness identified by Plaintiffs in their disclosures and discovery responses, their consultants, including their consulting and treating physicians and any expert witnesses identified by Plaintiffs. All physicians or medical professionals who have provided Defendant Lapolla may also require the deposition of any other witness, including experts, identified by Defendant Delfino. Defendant may also take the deposition of Peter Cantone and certain other representatives of Spray Foam Nation, an Energy Independence Company, the apparent distributor of SPF to Defendant Delfino. Defendant may also take the deposition of representatives of EMSL Analytical, Inc., the testing company, and Insight Environmental, Inc. (including George Maul), the sampling company, with respect to apparently air quality testing performed at the request of Plaintiffs. Defendant Lapolla anticipates completing such depositions by the close of the discovery period, pursuant to the limitations and scope of such discovery ordered by the Court, or before December 15, 2013.

DBR   171347-27

   Before the close of the initial discovery period, Defendant Delfino anticipates taking the depositions of Plaintiffs, any witness identified by Plaintiffs in their disclosures and discovery responses, their consultants, including their consulting and treating physicians and any expert witnesses identified by Plaintiffs. Defendant Delfino may also require the depositions of any witnesses identified by Defendant Lapolla in its disclosures and discovery responses. Defendant Delfino anticipates completing such depositions by the close of the initial discovery period, pursuant to the limitations and scope of such discovery ordered by the Court, or before December 15, 2013.

**F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

   For purposes of Rule 23, the parties proposed that Plaintiffs will designate experts and provide reports required by Rule 26(a)(2)(B) on January 17, 2014.

   For purposes of trial, to the extent they differ from the reports offered for purposes of Rule 23, Plaintiffs will designate experts and provide reports required by Rule 26(a)(2)(B) 120 days prior trial.

   For purposes of Rule 23, the parties propose that Defendants will designate experts and provide reports required by Rule 26(a)(2)(B) on March 1, 2014.

   For purposes of trial, to the extent they differ from the reports offered for purposes of Rule 23, Defendants will designate experts and provide reports required by Rule 26(a)(2)(B) 90 days prior trial.

**G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

   For purposes of Rule 23, that the parties propose that Plaintiffs must depose Defendants' experts on or before April 1, 2014.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

   For purposes of Rule 23, Defendants propose that they will depose Plaintiffs' designated experts on or before February 28, 2014.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    The parties agree on the dates and deadlines set forth herein.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None to date.

13. **State the date the planned discovery can reasonably be completed.**

    For purposes of class certification, fact witness discovery should be completed by December 15, 2013.

    For purposes of class certification, expert discovery should be completed by April 1, 2014.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The parties are open to discuss the possibility of settlement. No settlement proposals have been exchanged at this time, however.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution**.

    Based upon the pending issues, and early stage of this lawsuit, no substantial efforts have been made to explore potential settlement.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge**.

    At this time, the parties do not agree to proceed before a magistrate judge for trial purposes.

17. **State whether a jury demand has been made and if it was made on time**.

    Plaintiff has made a timely jury demand.

18. **Specify the number of hours it will take to present the evidence in this case**.

    Defendant anticipates it will take 120 hours (three weeks) to present the evidence for this case.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference**.

    None.

**20.   List other motions pending.**

None.

**21.   Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

The Parties have agreed to limit the scope and time for discovery as it relates to class certification issues, requesting that such discovery be limited Plaintiffs' claims only, and those factual issues that will assist the Court in ruling on Plaintiffs' allegation that a class of similarly situated individuals exists.

In addition, Defendants may require Plaintiffs to submit to an independent medical examination, depending on the nature of their claims of injury. Further, Defendants anticipate requiring an inspection of Plaintiffs' home, including a potential need for invasive or destructive testing.

**22.   Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

The parties have filed their Disclosures of Interested Parties.

**23.   List the names, bar numbers, addresses and telephone numbers of all counsel.**

**Attorneys for Plaintiffs:**

Benedict P. Morelli
State Bar No. BM7597
David S. Ratner
State Bar No. DR7758
David T. Sirotkin
State Bar No. DS4863
Morelli Alters Ratner PC
950 Third Avenue
11th Floor
New York, New York 10022
Tel: (212) 751-9800
Fax: (212) 751-0046

Jeremy W. Alters
Florida Bar No. 111790
Matthew T. Moore
Florida Bar No. 70034
Alters Law Firm, P.A.
Miami Design District
4141 Northeast 2nd Avenue, Suite 201
Miami, Florida 33137
Tel. (305) 571-8550
Fax (305) 571-8558
David C. Rash
Florida Bar No. 0977764
david@dcrashlaw.com
David C. Rash, P.A.
2200 North Commerce Parkway, Suite 200
Weston, Florida 33326
Tel: (954) 529-2222
Fax: (954) 529-2224

        Vincent J. Pravato
        vince@wolfandpravato.com
        Florida Bar No.: 83127
        LAW OFFICES OF WOLF & PRAVATO
        2101 West Commercial Boulevard
        Suite 1500
        Fort Lauderdale, Florida 33309
        Tel: (954) 522-5800
        Fax: (954) 767-0960

**Attorneys for Defendants Lapolla Industries, Inc.:**

| | |
|---|---|
| Matthew A. Kornhauser | C. Brian Kornbrek |
| Texas Bar No. 11684500 | New York Bar No. 2565307 |
| Dylan B. Russell | Greenbaum Rowe Smith & Davis LLP |
| Texas Bar No. 24041839 | 75 Livingston Ave., Suite 301 |
| Sidney C. Watts | Roseland, NJ 07068 |
| Texas Bar No. 24041839 | Direct Dial: 973-577-1820 |
| California Bar No. 218508 | Direct Fax: 973-577-1821 |
| Hoover Slovacek LLP | |
| 5847 San Felipe, Ste. 2200 | |
| Houston, Texas 77057 | |
| Tel: (713) 977-8686 | |
| Fax: (713) 977-5395 | |

**Attorneys for Defendant Delfino Insulation Company, Inc.:**

Robert W. Gifford
State Bar No. 2740298
McElroy, Deutsch, Mulvaney & Carpenter, LLP
Wall Street Plaza
88 Pine Street 24th Floor
New York, New York 10005
Tel: (212) 483-9490
Fax: (212) 483-9129

DBR   171347-27

| | |
|---|---|
|     /s/ David S. Ratner | June 20, 2013 |
| Counsel for Plaintiffs | Date |

| | |
|---|---|
|     /s/ Dylan B. Russell | June 20, 2013 |
| Counsel for Defendants Lapolla Industries, Inc. | Date |

| | |
|---|---|
|     /s/ Robert W. Gifford | June 20, 2013 |
| Counsel for Defendants Delfino Insulation Company, Inc. | Date |