UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
NEIL and KRISTINE MARKEY, individually
and on behalf of all others
similarly situated,

                Plaintiff,

                                  MEMORANDUM & ORDER

     -against-                 12-CV-4622(JS)(AKT)

LAPOLLA INDUSTRIES, INC. a Delaware
Corporation; LAPOLLA INTERNATIONAL,
INC., A Delaware corporation; and
DELFINO INSULATION COMPANY, INC.,
a New York Corporation,

                Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs:      A. Craig Purcell, Esq.
                    Glynn Mercep and Purcell, LLP
                    North Country Road
                    P.O. Box 712
                    Stony Brook, NY 11790-0712

For Defendants:
Lapolla Industries
and Lapolla
International        Dylan B. Russell, Esq.
                    Matthew A. Kornhauser, Esq.
                    Mitchell Ward, Esq.
                    Sidney Watts, Esq.
                    Hoover Slovacek LLP
                    5051 Westheimer Rd., Suite 1200
                    Houston, TX 77056

                    Robert M. Goodman, Esq.
                    Clifford B. Kornbrek, Esq.
                    Greenbaum, Rowe, Smith, Ravin,
                      Davis & Himmel LLP
                    75 Livingston Avenue
                    Roseland, NJ 07068

```
Delfino Insulation   Eric G. Siegel, Esq.
                     John Patrick Cookson, Esq.
                     Robert W. Gifford, Esq.
                     McElroy Deutsch Mulvaney & Carpenter, LLP
                     88 Pine Street
                     New York, NY 10005

For Interested Non-Party
Morelli Alters
Ratner, P.C.          David Ratner, Esq.
                     David T. Sirotkin, Esq.
                     Benedict P. Morelli, Esq.
                     Morelli Alters Ratner, P.C.
                     777 Third Avenue, 31st Floor
                     New York, NY 10017
```

SEYBERT, District Judge:

Currently pending before the Court is Magistrate Judge A. Kathleen Tomlinson's Report and Recommendation dated August 25, 2015 (the "R&R") with respect to defendant Lapolla Industries, Inc.'s ("Lapolla") motion for sanctions. (R&R, Docket Entry 88.) Judge Tomlinson recommends that sanctions be imposed against non-party Morelli Alters Ratner, P.C. ("MAR") pursuant to Federal Rules of Civil Procedure 37(c) and 26(g)(3) and that Lapolla be awarded reasonable attorneys' fees and costs incurred in connection with the additional discovery necessitated by MAR's failure to comply with discovery obligations and the filing of its sanctions motion, with Lapolla's motion being denied in all other respects. (R&R, Docket Entry 126, at 58.) MAR and Lapolla have filed objections (Docket Entries 127 and 128), which are presently before the Court along with Lapolla's fee application (the "Fee Application") (Docket Entry 129).

For the reasons set forth below, the R&R is ADOPTED in
its entirety and the Fee Application is REFERRED to Judge Tomlinson
for a report and recommendation.

BACKGROUND

I.   Factual Background

The Court presumes familiarity with the facts of this
case, which are set forth in detail in Judge Tomlinson's R&R.
Briefly, on September 14, 2012, plaintiffs Neil and Kristine Markey
("Plaintiffs") commenced this action against defendants Lapolla
Industries, Inc., Lapolla International, Inc., and Delfino
Insulation Company, Inc. (collectively, "Defendants"). Plaintiffs
subsequently filed a Second Amended Complaint that asserts claims
for design defect, failure to warn, breach of express and implied
warranties, unjust enrichment, and violations of consumer
protection laws in connection with spray polyurethane foam
insulation ("SPF") manufactured by defendants Lapolla Industries,
Inc. and Lapolla International, Inc. (collectively, "Lapolla") and
installed in Plaintiffs' home by defendant Delfino Insulation
Company, Inc. ("Delfino"). (See, Sec. Am. Compl., Docket Entry
61.)

MAR served as counsel for Plaintiffs.[1]  On April 28,
2014, MAR moved to withdraw from this action based on certain

---

[1] The Second Amended Complaint reflects that three separate law
firms represented Plaintiffs: Morelli Ratner, P.C., Alters Law

"irreconcilable differences" that arose between MAR and Plaintiffs. (MAR's Affirm., Docket Entry 76-1, at 1.) On May 2, 2014, the Court granted MAR's motion and terminated MAR as Plaintiffs' counsel. (Docket Entry 82.)

On May 29, 2014, Glynn Mercep and Purcell, LLP appeared as counsel for Plaintiffs and moved to voluntarily dismiss this action. (Docket Entry 83 and 84.) On July 8, 2014, Lapolla filed its motion seeking sanctions against Plaintiffs and MAR pursuant to Federal Rules of Civil Procedure 26 and 37, 28 U.S.C. § 1927, and the Court's inherent power. (Lapolla's Mot., Docket Entry 88.) Lapolla argues that the Court should impose sanctions against Plaintiffs and MAR based on: (1) their failure to disclose an original report prepared by Insight Environmental (the "Original Report") and emails between Mrs. Markey and George Maul of Insight Environmental (the "Maul Emails"), and (2) their prosecution of Plaintiffs' personal injury claims with the knowledge that they "simply had no evidence to support their claims." (Lapolla's Br., Docket Entry 89, ¶¶ 34, 61, 75.) Lapolla also requested that Plaintiffs and MAR "be compelled to pay Lapolla's legal fees and costs." (Lapolla's Br. at 30.)

---

Firm, P.A., and the Law Offices of Wolf & Pravato (the "Pravato Firm"). (Sec. Am. Compl. at 23-24.) As noted by Judge Tomlinson, at some point during this litigation, Morelli Ratner, P.C. and Alters Law Firm, P.A. merged to become Morelli Alters Ratner, P.C. (R&R at 21.)

On December 15, 2014, the Court referred Lapolla's motion to Judge Tomlinson for a report and recommendation "on whether the motion should be granted. (Referral Order, Docket Entry 104.) On January 6, 2015, Judge Tomlinson set this case down for an evidentiary hearing pursuant to Federal Rule of Civil Procedure 43(c). (Docket Entry 105.) Judge Tomlinson conducted the evidentiary hearing on March 23, 2015, April 7, 2015, and April 17, 2015. (R&R at 6.)

On February 3, 2015, the Court granted Plaintiffs' motion to dismiss; however, the Court retained jurisdiction to address Lapolla's sanctions motion. (See Feb. 3 Order, Docket Entry 110.)

A.   The R&R

Judge Tomlinson concludes in her R&R that MAR violated its discovery obligations pursuant to Rules 26(a) and 26(g)(1) by failing to disclose the Original Report and Maul Emails. (R&R at 33.) MAR failed to make a "reasonable inquiry" to determine what discovery was in Plaintiffs' possession prior to certifying that Plaintiffs' initial disclosures were complete. (R&R at 34.) Additionally, it was not reasonable for MAR to assume that the documents it received from Plaintiffs and from its co-counsel, the Pravato Firm, "encompassed all the documents Plaintiffs were required to disclose under Rule 26(a)." (R&R at 35.)

Judge Tomlinson also concludes that MAR's inquiry was similarly insufficient with respect to its responses to Lapolla's request for production. (R&R at 35.) While Mr. Sirotkin signed Plaintiffs' discovery responses and Mr. Ratner oversaw discovery,[2] these attorneys had minimal direct contact with Plaintiffs during the discovery process, which was primarily conducted by Mr. Sirotkin's paralegal. (R&R at 37.) Plaintiffs also credibly testified that MAR did not (1) explain the types of documents that would be responsive to discovery requests, (2) advise Mrs. Markey that emails were discoverable, or (3) review Lapolla's specific discovery requests with Plaintiffs. (R&R at 37-38.)

Judge Tomlinson concludes that Lapolla satisfied its burden of demonstrating that sanctions should be imposed against MAR. (R&R at 39-44.) The evidence establishes that MAR acted with a culpable state of mind with its conduct falling "somewhere between negligence and gross negligence, closer to the former than the latter." (R&R at 39.) Finally, the Original Report and Maul Emails were relevant to Lapolla's case as "a reasonable trier of fact could find that the information in the non-disclosed documents supported Lapolla's defenses in this action." (R&R at 40-41.)

While Judge Tomlinson declines to recommend sanctions against MAR for its failure to disclose the Original Report due to

---

[2] Messrs. Sirotkin and Ratner were Plaintiffs' former counsel at MAR. (R&R at 6.)

the absence of any prejudice to Lapolla, the R&R recommends that sanctions be imposed against MAR for its failure to produce the Maul Emails. (R&R at 43-44, 46.) The R&R notes that the Maul Emails were disclosed during or after Mr. Maul's deposition and Lapolla was unable to examine Mr. Maul about certain of these emails, including Mrs. Markey's email requesting that Mr. Maul revise the Original Report. (R&R at 44.) Additionally, Lapolla was unable to request Court intervention regarding the Maul Emails as MAR filed a motion to withdraw as counsel within days of the production of these emails. (R&R at 44.) Further, MAR's failure to disclose the Maul Emails resulted in Lapolla incurring unnecessary attorney's fees and expenses, particularly the time spent by its counsel reviewing the Maul Emails in preparation for Plaintiffs' depositions. (R&R at 44.)

Judge Tomlinson recommends that Lapolla's request for the imposition of sanctions pursuant to Section 1927 and/or the Court's inherent power based on MAR's assertion and prosecution of personal injury claims and "ultimate withdrawal of the action" be denied. (R&R at 48, 56.) Judge Tomlinson concludes that Lapolla failed to establish that Plaintiffs' personal injury claims were not colorable. (R&R at 49-51.) Additionally, there was "no clear evidence" that Plaintiffs or MAR acted in bad faith by: (1) failing to disclose the Original Report and Maul Emails; (2) filing the pleadings or proceeding with this action; (3) Plaintiffs

7

voluntarily withdrawing their claims; or (4) MAR's withdrawal as Plaintiffs' counsel.  (R&R at 53-54 (internal quotation marks and citations omitted).)

Judge Tomlinson concludes that "sanctions against MAR are only warranted as to its failure to exercise due diligence and comply with its obligations in the discovery process."  (R&R at 56.)  Accordingly, Judge Tomlinson recommends that sanctions be awarded against MAR for reasonable attorneys' fees and costs incurred by Lapolla with respect to its review of the Maul Emails in preparation for Plaintiffs' depositions as well as attorneys' fees and costs "related to bringing this motion."  (R&R at 56.)  Judge Tomlinson notes that Lapolla's counsel billed $1,020 in connection with their review of the Maul Emails; however, the relevant billing records did not include the attorneys' fees and costs incurred in filing the sanctions motion.  (R&R at 57.)

Judge Tomlinson recommends that the final amount of sanctions be deferred to permit Lapolla to make a fee application for attorneys' fees and costs "incurred in connection with the additional discovery described above, as well as the fees and costs incurred in drafting the motion for sanctions as well as Lapolla's post-hearing brief--but not for the time incurred at the hearing since that time was directed by the Court."  (R&R at 57.)

B.   Fee Application

On September 24, 2015, Lapolla filed a fee application. (Docket Entry 129.)  On October 26, 2015, MAR opposed Lapolla's fee application.  (Docket Entry 131.)

DISCUSSION

I.  Legal Standard

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted).  A party may serve and file specific, written objections to a magistrate judge's report and recommendation within fourteen days of being served with the recommended disposition.  See Fed. R. Civ. P. 72(b)(2).  Upon receiving any timely objections to the magistrate judge's recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3).  A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they are objecting to.  See Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted).

When a party raises an objection to a magistrate judge's

report, the Court must conduct a de novo review of any contested sections of the report.  See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).  But if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error."  Walker, 216 F. Supp. 2d at 291 (internal quotation marks and citation omitted).  Furthermore, even in a de novo review of a party's specific objections, the Court ordinarily will not consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance."  Kennedy v. Adamo, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (internal quotation marks and citation omitted).  But see Stock Market Recovery Consultants, Inc. v. Watkins, No. 13-CV-0193, 2015 WL 5771997, at *3 (E.D.N.Y. Sept. 30, 2015) (Noting disagreement in the Second Circuit regarding the District Court's ability to consider legal arguments raised for the first time in a party's objection to the report and recommendation of a magistrate judge) (citations omitted).

The Court will address each party and interested non-party's objections in turn.

II.  Lapolla's Objections

  A.  Section 1927 and the Court's Inherent Power

        Lapolla objects to the exclusion of certain information

from the R&R and avers that these facts provide a basis for

sanctions pursuant to Section 1927 and the Court's inherent power.

(Lapolla's Obj., Docket Entry 128, at 2.)[3]  Specifically, Lapolla

argues that the R&R should have included the following facts: (1)

MAR decided to withdraw as counsel because it did not want to

persist in spending resources when it "represent[s] hundreds of

other clients who could also use our resources"; (2) MAR admitted

that it included personal injury claims in Plaintiffs' Complaint

"with the hope of achieving [a multi-district litigation] in all

of the cases"; (3) Mrs. Markey's affidavit stated that MAR's co-

counsel, Mr. Pravato, advised Plaintiffs that a multi-district

class action was pending against Lapolla and that they could be

included in that proceeding; (4) Although Mr. Pravato advised

Plaintiffs that "they would be included in their application for

the multi-district class action litigation," Plaintiffs had, in

actuality, already been included when the multi-district

litigation ("MDL") application was filed; and (5) Plaintiffs were

"totally in the dark as to the exact status of [their] law suit

instituted by the Pravato firm."  (Lapolla's Obj. at 2-3 (internal

---

[3] The Court will utilize the ECF pagination for Lapolla's
Objections based on an error in Lapolla's pagination.

quotation marks omitted).)  Lapolla also objects, in a footnote, to the R&R's exclusion of Mr. Ratner's testimony that he did not recall personally communicating with Plaintiffs prior to the filing of the Second Amended Complaint and "for many months thereafter."  (Lapolla's Obj. at 4.)  Lapolla avers that these facts provide "undisputed evidence of an 'improper purpose' and thus a basis for issuing sanctions against MAR under [Section] 1927 and the Court's inherent power."  (Lapolla's Obj. at 2.)

The demonstration of bad faith necessary to support an award of sanctions under Section 1927 is similar to the demonstration necessary to invoke the inherent powers of the Court; the only meaningful distinction is that awards under Section 1927 may only be made against attorneys or persons authorized to practice in the Courts while sanctions under the Court's inherent power may be imposed against attorneys, parties, or both.  Emmon v. Prospect Cap. Corp., 675 F.3d 138, 143-44 (2d Cir. 2012).  A finding of bad faith requires that the Court: "(i) find that the challenged actions were taken for improper purposes, such as harassment or delay; and (ii) provide a high degree of specificity in the factual findings."  McCune v. Rugged Entm't, LLC, No. 08-CV-2677, 2010 WL 1189390, at *3 (E.D.N.Y. Mar. 29, 2010).  The standard for bad faith is not satisfied easily and "sanctions are warranted only in extreme cases."  Id. at *4.

The Court finds that the previously noted facts cited by Lapolla do not establish that MAR prosecuted the personal injury claims and/or withdrew from representing Plaintiffs for an "improper purpose." MAR's stated reason for withdrawing as Plaintiffs' counsel--that it did not want to continue spending firm resources on this action when other clients needed its resources--is hardly improper and appears to be nothing more than a business decision, particularly in light of MAR's testimony that it is a contingency fee firm. (R&R at 24.) Similarly, MAR's testimony that it hoped to achieve an MDL in this and other cases does not establish that it asserted the personal injury claims in bad faith. Further, it is unclear how or why the Pravato Firm's alleged representations regarding Plaintiffs' inclusion in an MDL could be imputed to MAR. In any event, these purported statements by the Pravato Firm fail to establish an improper purpose for the litigation of Plaintiffs' personal injury claims. Finally, the allegations that Plaintiffs were purportedly "in the dark" as to the status of their lawsuit and that Mr. Ratner did not communicate with Plaintiffs prior to and after filing the Second Amended Complaint also fail to demonstrate that MAR's actions were taken in bad faith and, at best, speak to a purported lack of communication between Plaintiffs and their counsel.

Lapolla also objects to the R&R's suggestion that "there was a colorable claim that Mr. Markey suffered personal injury."

(Lapolla's Obj. at 3.) Lapolla argues that Mr. Markey testified that he never told the Pravato Firm that he suffered a personal injury and they did not discuss the assertion of a personal injury claim. (Lapolla's Obj. at 3.) Additionally, Lapolla avers that MAR did not have any personal knowledge that Mr. Markey suffered from any injury and "the only basis for Mr. Ratner's testimony suggesting he 'knew' that Mr. Markey had been physically [a]ffected by the SPF was the hearsay of alleged 'information they received from the Pravato Firm.'" (Lapolla's Obj. at 3-4.)

A claim is "colorable" when "viewed in light of the reasonable beliefs of the party making the claim, it has <u>some</u> amount of factual and legal support." <u>McCune</u>, 2010 WL 1189390, at *4 (emphasis in original). Thus, the colorability threshold is low. <u>Id.</u> <u>See also</u> <u>Schlaifer Nance & Co. v. Estate of Warhol</u>, 194 F.3d 323, 337 (2d Cir. 1999) ("A claim is colorable when it reasonably <u>might</u> be successful, while a claim lacks a colorable basis when it is utterly devoid of a legal or factual basis.") (emphasis in original).

MAR's testimony that it received information from co-counsel regarding Mr. Markey's discomfort combined with MAR's general knowledge of the potential adverse effects of SPE establishes that MAR possessed a reasonable belief that Mr. Markey's personal injury claim had factual and legal support. (<u>See</u> R&R at 51.) Lapolla's reliance on Mr. Markey's testimony that he

did not tell the Pravato Firm that he was injured is misplaced in light of the subjective standard for colorability. (See Lapolla's Obj. at 3.)

Further, Lapolla's argument regarding the inadmissibility of MAR's testimony about the alleged information it received from the Pravato Firm is equally misplaced. (See Lapolla's Obj. at 3-4.) Federal Rule of Evidence 803(3) provides an exception to the exclusion of hearsay testimony for "a statement of the declarant's then-existing state of mind (such as motive, intent, or plan). . . ." Fed. R. Evid. 803(3). See, e.g., Messer v. Bd. of Educ. of City of N.Y., No. 01-CV-6129, 2007 WL 136027, at *7 (E.D.N.Y. Jan. 16, 2007) (Holding that a medical summary was admissible where it was presented to establish the defendant's "state of mind" belief that the plaintiff was not eligible for certain benefits rather than to prove the absence of any evidence to support plaintiff's benefits claims.); Trouble v. Wet Seal, Inc., 179 F. Supp. 2d 291, 298-99 (S.D.N.Y. 2001) (Holding that "there is no hearsay problem with the statement by [plaintiff's] customers indicating that they were confused.") The Court construes MAR's testimony regarding the information received from the Pravato Firm--namely, that Mr. Markey was suffering from discomfort--as being offered not to establish that Mr. Markey did, in fact, suffer from an injury, but to demonstrate that MAR believed Mr. Markey suffered from discomfort and, accordingly, its

asserting of a personal injury claim on his behalf was motivated by a reasonable belief in the factual and legal basis of that claim.

Accordingly, the Court OVERRULES Lapolla's objections regarding the R&R's recommendation that the Court deny sanctions under Section 1927 and the Court's inherent powers.

B. <u>Attorneys' Fees</u>

Lapolla objects to the R&R's limitations on the attorneys' fees it can seek to recover. (Lapolla's Obj. at 5.) Lapolla avers that it is "severely prejudice[d]" by the R&R's exclusion of time expended at the hearing on its sanctions motion and argues that "but for MAR's discovery abuse, neither the motion nor any hearings would have been necessary." (Lapolla's Obj. at 5.) Lapolla maintains that it should at least be permitted to recover for its preparation time and time expended at the hearing "that could reasonably be related to addressing the discovery issues, as opposed to the issues relating to the substantive claims made by the Markeys." (Lapolla's Obj. at 6.)

The Court concurs with Judge Tomlinson's recommendation that Lapolla's time expended at the hearing be excluded from its fee application. (R&R at 57.) As noted in the R&R, the three-day hearing was directed by the Court. (R&R at 57.) Additionally, the Court finds it unreasonable to award Lapolla attorneys' fees for time spent at a lengthy hearing that also addressed the

unsuccessful portions of Lapolla's motion. While Lapolla avers that it should, at the very least, be permitted to recover its time spent at the hearing related to "discovery issues," the Court finds that it would be futile to attempt to parse out and quantify the specific amount of time devoted to discovery during a three-day hearing. (Lapolla's Obj. at 6.)

Lapolla also objects to the R&R to the extent that it did not permit Lapolla to request attorneys' fees for: (1) its review and analysis of MAR and Plaintiffs' responses to its motion for sanctions; (2) its preparation for Plaintiffs' depositions, which were cancelled a few days after the production of the Maul Emails; (3) its preparation for and examination of Mr. Maul, as much of the deposition involved questions regarding the creation of the Revised Report and the existence of any emails or communications explaining the Revised Report; and (4) its time spent regarding written discovery to Mr. Maul and Insight Environmental, as such discovery "would not have been necessary but for MAR's discovery failures regarding such communications and documents relating to George Maul and Insight Environmental." (Lapolla's Obj. at 6.)

Judge Tomlinson only recommended that sanctions be imposed for MAR's failure to disclose the Maul Emails. Accordingly, the Court finds it reasonable that Lapolla only be awarded attorneys' fees and costs in connection with its belated

review of the Maul Emails and its filing of this motion.  The Court finds that the R&R's recommendation that Lapolla be awarded attorneys' fees and costs "related to bringing this motion" is inclusive of the time Lapolla spent reviewing opposition and drafting its reply and its post-hearing brief.  (See R&R at 56-57.)  Lapolla's objection to the R&R's failure to award attorneys' fees in connection with depositions and written discovery in this matter is OVERRULED.

Lapolla's objection to Judge Tomlinson's recommendation that it not be awarded attorneys' fees for "conducting discovery and otherwise defending the improper allegations of personal injury for Mr. Markey brought by MAR without the consent or knowledge of their then-clients," is also OVERRULED in light of the Court's denial of its request for sanctions with respect to MAR's assertion and prosecution of Mr. Markey' personal injury claims.  (See Lapolla's Obj. at 4-5.)

III. MAR's Objections

MAR objects to the portions of the R&R that: (1) awarded sanctions for MAR's failure to supervise discovery and produce emails between Mrs. Markey and George Maul (the "Maul Emails"), and (2) awarded Lapolla attorneys' fees.  (MAR's Obj., Docket Entry 127, at 1.)

A.    Sanctions Pursuant to Rule 37(c) and 26(g)(3)

MAR argues that its failure to produce the Maul Emails was not negligent because it provided Plaintiffs with Lapolla's discovery demands, which were "easily discernable"; Plaintiffs were "informed and involved clients"; and Mrs. Markey's testimony that she was not aware emails were discoverable is "disingenuous" given her production of other email communications in response to Lapolla's discovery requests. (MAR's Obj. at 6.) Additionally, MAR alleges that the Maul Emails were not relevant to Lapolla's case, as Lapolla admitted that Mr. Maul was inexperienced with SPF and unqualified to posit a meaningful opinion. (MAR's Obj. at 6.) Moreover, Mr. Maul was a non-expert witness and neither party planned to rely upon his opinions. (MAR's Obj. at 6-7.) Furthermore, MAR asserts that Lapolla did not suffer any harm as a result of Plaintiffs' failure to produce the Maul Emails because (1) MAR withdrew as counsel within days of the production of the Maul Emails; (2) Lapolla did not expend additional time reviewing the Maul Emails and the limited time Lapolla's counsel spent reviewing these emails would have been expended even if the emails were provided earlier; and (3) Lapolla did not notice an additional deposition of Mr. Maul and, in any event, any additional deposition became moot upon the dismissal of this case with prejudice. (MAR's Obj. at 7 (internal citations omitted).)

The Court is not persuaded by MAR's argument that it was not negligent in failing to produce the Maul Emails. Although MAR seeks to deflect responsibility for this discovery violation to Plaintiffs, the fact that MAR forwarded Lapolla's discovery requests to Plaintiffs and that Plaintiffs were "informed and involved clients" does not absolve MAR of its responsibility to competently supervise discovery. (See MAR's Obj. at 6.) See also Quinby v. WestLB AG, No. 04-CV-7406, 2005 WL 3453908, at *4 (S.D.N.Y. Dec. 15, 2005) (Noting that the purpose of Rule 26(g) is to create an affirmative duty to responsibly engage in pretrial discovery and that "the [attorney's] signature certifies that the lawyer has made a reasonable effort to assure that the client has provided all the information and documents available to him that are responsive to the discovery demand.") (quoting FED. R. CIV. P. 26(g) Advisory Committee Notes to 1983 Amendments).

As detailed more fully in the R&R, Mr. Sirotkin stated in an email to Plaintiffs that he had already received documents from the Pravato Firm "so don't feel as though you need to send us everything you have." (R&R at 34 (internal quotation marks and citation omitted).) However, MAR did not review the particular documents it received from the Pravato Firm with Plaintiffs or meet with Plaintiffs to review the documents that they possessed. (R&R at 35.) Further, MAR's attorneys had minimal contact with Plaintiffs during the process of compiling responsive documents

and discovery was primarily conducted by MAR's paralegal. (R&R at 37.) Thus, the R&R properly characterized MAR's actions as "fall[ing] on the spectrum somewhere between negligence and gross negligence, closer to the former than the latter." (R&R at 39.)

MAR's argument that the Maul Emails were not relevant is similarly unavailing. The Maul Emails demonstrate that "Mrs. Markey asked George Maul to revise the Original Report and to make the changes reflected in the Revised Report." (R&R at 40.) Lapolla's claims that Mr. Maul was unqualified and the fact that Mr. Maul "was an extraneous, non-expert witness whose opinions were never going to be relied upon by either of the parties" does not obviate the relevance of the Maul Emails to Lapolla's defenses. (MAR's Obj. at 6-7.)

Finally, the Court concurs with the R&R that MAR's failure to produce the Maul Emails was not harmless. "Harmlessness" in the context of Rule 37(c)(1) "means an absence of prejudice to the defendant." Ritchie Risk-Lined Strategies Trading (Ireland), Ltd. v. Coventry First LLC, 280 F.R.D. 147, 159 (S.D.N.Y. 2012) (citations omitted). Certain of the Maul Emails were not disclosed until after Mr. Maul's deposition and Lapolla was prejudiced to the extent that it was not able to question Mr. Maul about these emails at his examination. (See MAR's Obj. at 7; R&R at 44.) The fact that this matter was ultimately dismissed

does not render MAR's actions harmless merely because Lapolla was not forced to continue with discovery.

MAR cites to Creative Resources Group of N.J., Inc. v. Creative Resources Group, Inc., 212 F.R.D. 94 (E.D.N.Y. 2002) for the proposition that "fees that would have been incurred in normal course of discover are not compensable." (MAR's Obj. at 7.) In Creative Resources Group, the court held that the plaintiff was entitled to costs incurred in making motions to compel and attempting to enforce the resulting Orders, as well as certain third-party discovery costs "necessitated by the defendants' bad behavior." Creative Resources Group, 212 F.R.D. at 103. However, the court held that certain of the fees submitted by the plaintiff--including fees for attendance at a status conference, time spent responding to discovery demands, "some third-party discovery", and a continued deposition--were not compensable because they were "incurred in the course of normal discovery." Id. at 104. While the Court acknowledges that Lapolla would have spent time reviewing the Maul Emails had they been timely produced, the Court also possesses "broad discretion in fashioning an appropriate sanction" where, as here, the discovery violation is the failure to produce evidence. Id. at 102 (internal quotation marks and citation omitted). Unlike in Creative Resources Group, where the court analyzed the fees that should be included in the cost of plaintiff's motion to compel, enforcement proceedings, and third-

party discovery, here, the Court is attempting to discern whether MAR's failure to produce the Maul Emails was harmless.  The delay in disclosure and the likelihood that a supplemental deposition of Mr. Maul would be required had Plaintiffs not moved to dismiss this case weighs in favor of a finding that Lapolla's failure to disclose the Maul Emails was not harmless.

Accordingly, the Court OVERRULES MAR's objection to the R&R's recommendation that sanctions be imposed for its failure to produce the Maul Emails.

B.    Attorneys' Fees

MAR argues that Lapolla should not be awarded attorneys' fees as Lapolla's motion is "frivolous and overreaching" and "[a]ny reasonable investigation by Lapolla would have alerted them that the bulk of their Motion--which set forth allegations that MAR and the Markeys brought and litigated claims in bad faith--was erroneous."   (MAR's Obj. at 8.)   MAR notes that it incurred significant expenses defending Lapolla's motion, which included a three-day hearing.  (MAR's Obj. at 8.)   Additionally, Lapolla's post-hearing brief was "replete with factual arguments" despite Judge Tomlinson's directive that the parties limit their briefs to the discussion of legal issues.  (MAR's Obj. at 8.)

As set forth above, the Court concurs with the R&R's recommendation that Lapolla be awarded attorneys' fees and costs for its review of the Maul Emails and for its filing of this

motion.  While Lapolla has not been awarded the totality of the sanctions it requests, Judge Tomlinson recommended that sanctions be imposed against MAR for the non-disclosure of the Maul Emails. Moreover, MAR's arguments that Lapolla's fees should be reduced because its motion was "frivolous and overreaching" and its post-hearing brief did not conform to the Court's directives will be addressed in connection with Lapolla's fee application. Parenthetically, Judge Tomlinson notes that "the Court makes these recommendations with the understanding that Lapolla was not entirely successful on its sanctions motion and, as such, its fee application should be directed to the relevant legal fees and costs."  (R&R at 58.)  Thus, Lapolla's award of attorneys' fees and costs may be fashioned to account for the unsuccessful portions of Lapolla's motion.

<u>CONCLUSION</u>

For the foregoing reasons, MAR and Lapolla's respective objections are OVERRULED and Judge Tomlinson's R&R is ADOPTED in its entirety.  Lapolla's Fee Application (Docket Entry 129) is REFERRED to Judge Tomlinson for a REPORT AND RECOMMENDATION on the appropriate amount of attorneys' fees and costs to be awarded.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  January __26__, 2016
        Central Islip, NY