```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
NEIL MARKEY and KRISTINE MARKEY,

                    Plaintiffs,         MEMORANDUM & ORDER
                                        12-CV-4622(JS)(AKT)
        -against-

LAPOLLA INDUSTRIES, INC.,
LAPOLLA INTERNATIONAL, INC., and
DELFINO INSULATION COMPANY, INC.,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs:     A. Craig Purcell, Esq.
                    Glynn Mercep and Purcell, LLP
                    North Country Road, P.O. Box 712
                    Stony Brook, NY 11790-0712


For Defendants:
Lapolla Industries  Dylan B. Russell, Esq.
and Lapolla Int'l   Matthew A. Kornhauser, Esq.
                    Mitchell A. Ward, Esq.
                    Sidney Watts, Esq.
                    Hoover Slovacek LLP
                    5051 Westheimer Rd., Suite 1200
                    Houston, TX 77056

                    Robert M. Goodman, Esq.
                    Clifford B. Kornbrek, Esq.
                    Greenbaum, Rowe, Smith & Davis LLP
                    75 Livingston Avenue
                    Roseland, NJ 07068

Delfino Insulation  Eric G. Siegel, Esq.
                    John Patrick Cookson, Esq.
                    Robert W. Gifford, Esq.
                    McElroy Deutsch Mulvaney & Carpenter, LLP
                    88 Pine Street
                    New York, NY 10005

For Non-Party       David Ratner, Esq.
Morelli Alters      David T. Sirotkin, Esq.
Ratner, P.C.        Benedict P. Morelli, Esq.
                    Morelli Alters Ratner, P.C.
```

777 Third Avenue, 31st Floor
New York, NY 10017

SEYBERT, District Judge:

Currently pending before the Court is Magistrate Judge A. Kathleen Tomlinson's Report and Recommendation dated August 24, 2017 (the "R&R") with respect to defendants Lapolla Industries, Inc. and Lapolla International, Inc.'s (collectively, "Lapolla") motion for counsel fees. (R&R, Docket Entry 136; Lapolla's Mot., Docket Entry 129.) Judge Tomlinson recommends that Lapolla be awarded counsel fees and costs totaling $44,110.98 for discovery violations committed by Plaintiffs' former counsel, non-party Morelli Alters Ratner, P.C. ("MAR"), and the preparation of Lapolla's prior sanctions motion. (R&R at 2-3, 21.) Lapolla and MAR filed objections to the R&R, which are presently before the Court. (MAR's Obj., Docket Entry 137; Lapolla's Obj., Docket Entry 138.) For the following reasons, the parties' objections are OVERRULED and the R&R is ADOPTED in its entirety.

## BACKGROUND

The Court assumes familiarity with the facts of this case, which are set forth in detail in Judge Tomlinson's Report and Recommendation dated August 25, 2015 (the "2015 R&R"). (See generally 2015 R&R, Docket Entry 126.) Briefly, Plaintiffs commenced this action against Lapolla and Delfino Insulation Company, Inc. ("Delfino" and collectively, "Defendants") asserting

claims for design defect, failure to warn, breach of express and implied warranties, unjust enrichment, and violations of consumer protection laws in connection with spray polyurethane foam insulation manufactured by Lapolla and installed in Plaintiffs' home by Delfino. (See Sec. Am. Compl., Docket Entry 61.) MAR served as counsel for Plaintiffs.

On April 28, 2014, MAR moved to withdraw from this action. (See Docket Entry 76.) On May 2, 2014, the Court granted MAR's motion and terminated MAR as Plaintiffs' counsel. (See Docket Entry 82.) On May 29, 2014, Glynn Mercep and Purcell, LLP appeared as counsel for Plaintiffs and moved to voluntarily dismiss this action. (See Docket Entry 83 and 84.)

On July 8, 2014, Lapolla filed a motion seeking sanctions against Plaintiffs and MAR (the "Sanctions Motion"). (See Docket Entry 88.) On December 15, 2014, the Court referred Lapolla's sanctions motion to Judge Tomlinson for a report and recommendation. (See Docket Entry 104.) Judge Tomlinson scheduled an evidentiary hearing, which was conducted during early 2015. (2015 R&R at 6.) On February 3, 2015, the Court granted Plaintiffs' motion to dismiss but retained jurisdiction to address the Sanctions Motion. (See Docket Entry 110.)

On August 25, 2015, Judge Tomlinson issued her report and recommendation regarding Lapolla's Sanctions Motion. (See 2015 R&R.) Judge Tomlinson concluded that sanctions should be

3

imposed against MAR pursuant to Federal Rules of Civil Procedure 26(g) and 37(c) for MAR's failure to disclose emails between plaintiff Kristine Markey and George Maul, an industrial hygienist for Insight Environmental, Inc. (the "Maul Emails"). (2015 R&R at 2, 7-8, 44.) However, Judge Tomlinson found that Lapolla did not establish that sanctions should be imposed against Plaintiffs, or that sanctions should be imposed against MAR pursuant to 28 U.S.C. § 1927 or the Court's inherent power. (2015 R&R at 2.)

As to the amount of sanctions, Judge Tomlinson recommended that "sanctions be assessed against MAR for reasonable legal fees and costs incurred by Lapolla in connection with its review of the [Maul Emails] in preparation for [Plaintiffs'] depositions." (2015 R&R at 56.) Judge Tomlinson also recommended that "Lapolla be awarded the costs and attorneys' fees related to bringing this motion" and went on to specifically recommend that "Lapolla be permitted to make a fee application for its reasonable legal fees and costs incurred in connection with the additional discovery described above, as well as the fees and costs incurred in drafting the motion for sanctions as well as Lapolla's post-hearing brief--but not for the time incurred at the hearing since that time was directed by the Court." (2015 R&R at 56-57.) Judge Tomlinson also noted that her recommendations were made "with the understanding that Lapolla was not entirely successful on its

4

sanctions motion and, as such, its fee application should be directed to the relevant legal fees and costs." (2015 R&R at 58.)

This Court overruled Lapolla and MAR's respective objections and adopted the 2015 R&R in its entirety in its Memorandum and Order dated January 26, 2016 (the "Adoption Order"). (2016 Adoption Order, Docket Entry 132, at 24.) Particularly, the Court overruled Lapolla's objections regarding the limitations Judge Tomlinson recommended for Lapolla's recoverable attorneys' fees. (2016 Adoption Order at 16-18.) The Court concurred with Judge Tomlinson's recommendation that Lapolla's time at the sanctions hearing be excluded from its fee application, and rejected Lapolla's contention that it should be permitted to seek attorneys' fees for its preparation for Plaintiffs' depositions, preparation for and examination of Mr. Maul, time spent on written discovery related to Mr. Maul and Insight Environmental, and time spent conducting discovery and defending Plaintiffs' personal injury claims. (2016 Adoption Order at 16-18.) The Court concluded that Lapolla should only be awarded attorneys' fees and costs with respect to "its belated review of the Maul Emails and its filing of this [Sanctions Motion]." (2016 Adoption Order at 17-18.)

In that same Order, the Court also referred Lapolla's pending fee application seeking an award of $233,058.46 to Judge Tomlinson for a report and recommendation on the appropriate amount

of attorneys' fees and costs to be awarded. (2016 Adoption Order at 24; Lapolla's Mot. at 3.)

I. The R&R

On August 24, 2017, Judge Tomlinson issued her R&R regarding Lapolla's fee application. Judge Tomlinson noted the paucity of Lapolla's application, which consists of a two and one-half page "summary," but concluded that the Court was not relieved of its obligation to award reasonable fees even when faced with inadequate documentation. (R&R at 7.) As a result, Judge Tomlinson "ma[de] an assessment based on the submission made by Lapolla and [dealt] with the particular deficiencies accordingly." (R&R at 9.) Notwithstanding Lapolla's failure to submit information regarding hourly rates, Judge Tomlinson accepted the rates charged by the two firms representing Lapolla--Hoover Slovacek LLP ("Hoover Slovacek") and Greenbaum, Rowe, Smith & Davis LLP ("Greenbaum Rowe")--since they fell within the range of reasonable rates for attorneys in the Eastern District of New York. (R&R at 12-13.)

Lapolla also failed to provide an affidavit regarding the credentials of each attorney who billed time on its behalf and "the reasonableness of those hours as to the tasks the Court has designated as relevant to an award of attorney's fees in these circumstances." (R&R at 14.) Nevertheless, Judge Tomlinson concluded that the billing records demonstrate that Hoover

Slovacek billed $1,020 in relation to the Maul Emails and recommended that the Court award sanctions to Lapolla in the sum of $1,020 for their review of these emails. (R&R at 15.) As to the fees billed for the preparation of the Sanctions Motion and post-hearing brief, Judge Tomlinson undertook a detailed review of the relevant invoices and highlighted the billing entries attributable to the matters that fell within the scope of the 2015 R&R. (R&R at 16-17, 23-44.) Judge Tomlinson recommended that Lapolla be awarded a total of $40,661.70 in attorneys' fees for the briefing of the Sanctions Motion and post-hearing brief.[1] (R&R at 17.) In light of Lapolla's failure to submit documentation for its requested costs, Judge Tomlinson recommended that Lapolla only be awarded $2,429.28 in costs for obtaining the hearing transcript. (R&R at 19-20.)

II. MAR's Objections

On September 7, 2017, MAR filed objections to the R&R. (MAR's Obj.) MAR argues that Lapolla should not be awarded any counsel fees based on its failure to provide information regarding its counsel's hourly rates, credentials, and the reasonableness of the time spent. (MAR's Obj. at 2-3.) Additionally, MAR argues that the recommended award of counsel fees is excessive considering

---

[1] Specifically, Judge Tomlinson recommended that Hoover Slovacek be awarded $39,915 in attorneys' fees and Greenbaum Rowe be awarded $746.70 in attorneys' fees. (R&R at 17.)

that the sanctionable conduct at issue amounted to an award of only $1,020, and the bulk of Lapolla's Sanctions Motion was denied. (MAR's Obj. at 3-4.) MAR avers that "[a]t most, Defendants should only be awarded fees for a small portion of their time spent drafting the Motion for Sanctions, because they were only successful on a small portion of their Motion." (MAR's Obj. at 4.)

III. Lapolla's Objections

On September 7, 2017, Lapolla filed objections to the R&R. Lapolla alleges that the precise nature of the categories of work for which it could seek attorneys' fees pursuant to the 2015 R&R was unclear and as a result, it "incorporated into its [motion] all of the applicable invoices, redacting the irrelevant portions of the invoices, i.e., the portions that Lapolla did not believe would fit within any of the [ ] categories." (Lapolla's Obj. at 3-4.) Lapolla avers that it provided "the specific tasks contemporaneously written at the time such work was performed so that the Court could determine whether those entries fit within the scope of the . . . categories." (Lapolla's Obj. at 4.) Lapolla notes that the invoices it provided contained the date of work, attorney initials, narrative description of the work, hourly rate, time increments, and total amount of work performed. (Lapolla's Obj. at 5.) Additionally, Lapolla submitted a spreadsheet that "broke down, by date and amount, what portion of the amounts reflected in the invoices were relevant to the work that Lapolla

8

concluded was relevant to the particular category, as listed in the applicable columns." (Lapolla's Obj. at 5.) Thus, Lapolla objects to the R&R to the extent that it does not recommend an award of "certain fees and expenses that are within the relevant categories." (Lapolla's Obj. at 8.)

Lapolla acknowledges that it "should have asked for clarification from Judge Tomlinson before filing the Fee Application," but notes that it twice requested an opportunity to provide additional information or clarification. (Lapolla's Obj. at 5-6.) Lapolla submits an exhibit in which it highlights the additional fees and costs it believes are relevant and requests an opportunity to submit a revised fee application that addresses the deficiencies noted in the R&R and "thoroughly explains the reasons those fees and costs should also be awarded in addition to those already identified by the Court." (Lapolla's Obj. at 8.) Lapolla argues that "it should not have the amount of sanctions justly due to it be reduced only as a result of deficiencies in the Fee Application prepared by its counsel . . . without at least one opportunity to correct them." (Lapolla's Obj. at 6.)

## DISCUSSION

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291

9

(S.D.N.Y. 2002) (citation omitted). A party may serve and file specific, written objections to a magistrate judge's report and recommendation within fourteen days of being served with the recommended disposition. See Fed. R. Civ. P. 72(b)(2). Upon receiving any timely objections to the magistrate judge's recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3). A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they are objecting to. See Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). But if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Walker, 216 F. Supp. 2d at 291 (internal quotation marks and citation omitted).

The determination of the appropriate amount of counsel fees is committed to the Court's discretion. Shabazz v. City of N.Y., No. 14-CV-6417, 2015 WL 7779267, at *1 (S.D.N.Y. Dec. 2,

2015). Indeed, the Supreme Court has noted that such discretion is "'appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S. Ct. 1933, 1941, 76 L. Ed. 2d 40 (1983)).

I.  MAR's Objections

As set forth above, MAR objects to the R&R, arguing that Judge Tomlinson erred in recommending an award of counsel fees and costs to Lapolla because: (1) Lapolla failed to provide information regarding hourly rates and the necessity of the hours expended, or an affidavit detailing the billing attorneys' credentials and attesting to the time spent, and (2) the award is "unjust and excessive" in relation to sanctionable conduct that only amounted to $1,020 and a motion that was largely denied. (MAR's Obj. at 3-4.) The Court will address each argument in turn.

A.  Fee Application Deficiencies

The Court concurs with both Judge Tomlinson and MAR that Lapolla's Motion is deficient insofar as it fails to provide information regarding hourly rates, the reasonableness of the hours billed, and the credentials of the billing attorneys, as well as an attestation of the time spent. (See generally R&R at 7-9, 14.) However, Judge Tomlinson did not err in fashioning a counsel fee award in spite of these deficiencies by relying on

11

Lapolla's billing records, which contain entries detailing the billing attorney's initials, a summary of the tasks completed, and the time spent on each task. (See Lapolla's Mot. at Exs. A and B, Docket Entries 129-1 and 129-2.)

MAR does not dispute that the billing rates for Hoover Slovacek and Greenbaum Rowe fall within the prevailing rates for attorneys and paralegals in the Eastern District. (See R&R at 12-13; see generally MAR's Obj. at 3.) Thus, since Lapolla's counsel's billing rates do not exceed the prevailing rates in this District, the credentials of the billing attorneys are not vital to the Court's ability to determine the reasonableness of the hourly rates. Cf. Trustees of the Local 813 Ins. Trust Fund v. Tres Chic, Ltd., No. 09-CV-5452, 2010 WL 3782033, at *4 (E.D.N.Y. Aug. 16, 2010), report and recommendation adopted as modified on other grounds, 2010 WL 3746942 (E.D.N.Y. Sept. 20, 2010) ("[t]he hourly rate awarded to counsel should be in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation") (internal quotation marks and citation omitted; second alteration in original). Further, the Court finds that Judge Tomlinson did not err in reviewing Hoover Slovacek and Greenbaum Rowe's respective websites to obtain information regarding each billing attorney's status as a partner or associate. (MAR's Obj. at 3.)

While the Court, again, is dismayed by Lapolla's "'dump truck' approach," (R&R at 8), and failure to submit information regarding the reasonableness of its fees, Judge Tomlinson's painstaking review of Lapolla's billing records and specific designation of the billing entries that fell within the categories of work outlined in the 2015 R&R was wholly appropriate. Cf. Shabazz, 2015 WL 7779267, at *4 (in determining the reasonable number of hours of work, "[t]he Court may also consider its own familiarity with the case and its experience with the case and its experience with the case generally") (internal quotation marks and citation omitted).

B. Excessiveness of Fee Award

MAR argues that the recommended award of counsel fees is excessive since the sanctionable conduct only resulted in an award of $1,020, and avers that "[a]t most, Defendants should only be awarded fees for a small portion of their time spent drafting the Motion for Sanctions, because they were only successful on a small portion of their Motion." (MAR's Obj. at 4.) The Court disagrees.

Preliminarily, the Court notes that MAR has not objected to Judge Tomlinson's recommendation that Hoover Slovacek be awarded $1,020 in attorneys' fees for its review of the Maul Emails and $2,429.28 in costs for the sanctions hearing transcript. (See generally MAR's Obj.; see also R&R at 21.) The Court has reviewed the portions of the R&R regarding the award of fees for the Maul

Emails and the award of costs for clear error and finds none. See Urena v. N.Y., 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (where no timely objections have been made the "court need only satisfy itself that there is no clear error on the face of the record") (internal quotation marks and citation omitted).

With respect to the recommended award, a total of $40,661.70 in legal fees for the preparation of the Sanctions Motion and post-hearing briefs after a three-day evidentiary hearing is not excessive. The Court is mindful that, as noted, the time spent reviewing the Maul Emails amounted to a small fraction of the total legal fees for the preparation of the Sanctions Motion and post-hearing briefs. However, MAR's characterization of the Sanctions Motion as "uncomplicated" is woefully inaccurate. (MAR's Obj. at 5.) As detailed in the 2015 R&R, the Sanctions Motions implicated a number of factual and legal issues that necessitated a three-day hearing and a lengthy report and recommendation by Judge Tomlinson. As a result, the Court concurs with Judge Tomlinson that the fee award is reasonable.

As noted, MAR also argues that Lapolla should only be awarded a "small portion" of its time spent on the Sanctions Motion because it only prevailed on a "small portion" of that motion. (MAR's Obj. at 4.) At the outset, the Court notes that MAR failed to raise this argument in its underlying opposition to Lapolla's fee application. (See generally MAR's Opp., Docket Entry 131.)

14

The Court has serious concerns as to whether this argument may even be considered at this juncture. While the Second Circuit has not yet determined whether a new legal argument may be raised in an objection to a report and recommendation, "[m]any district courts in this Circuit hold that new arguments and factual assertions cannot properly be raised for the first time in objections to the R&R, and indeed may not be deemed objections at all." Cabrera v. Schafer, No. 12-CV-6323, 2017 WL 1162183, at *2 (E.D.N.Y. Mar. 27, 2017) (internal quotation marks and citation omitted; collecting cases). See also Postell v. Bradt, No. 09-CV-4853, 2017 WL 1214933, at *4 (S.D.N.Y. Mar. 31, 2017) ("[t]he weight of authority in this district indicates that the Court cannot review new legal arguments") (collecting cases). Nevertheless, other district courts have utilized a multi-factor test to determine whether they should exercise their discretion to consider arguments raised for the first time in an objection. Cabrera, 2017 WL 1162183, at *2.

However, even if the Court were to consider MAR's new argument, it finds that an additional reduction based on the success of the Sanctions Motion is not warranted. First, the Court previously accounted for the unsuccessful portions of the Sanctions Motion's by declining to permit Lapolla to apply for counsel fees with respect to its: (1) time expended at the sanctions hearing, (2) preparation for Plaintiffs' depositions,

15

(3) preparation for and examination of Mr. Maul, (4) time spent on written discovery related to Mr. Maul and Insight Environmental, and (5) time spent conducting discovery and defending Plaintiffs' personal injury claims. (2016 Aoption Order at 16-18.)

Second, Judge Tomlinson expressly noted that in fashioning her recommended counsel fee award, she considered, inter alia, that "Lapolla's counsel was not entirely successful on the sanctions motion." (R&R at 17.) Judge Tomlinson's meticulous review of Lapolla's invoices resulted in a drastic reduction of attorneys' fees and costs from Lapolla's requested amount of $233,058.46, (see Lapolla's Mot.), to the recommended award of a total of $41,681.70 in attorneys' fees and $2,429.28 in costs, (see R&R at 21.) Moreover, the recommended award is approximately eighteen percent of Lapolla's total requested award. Accordingly, the Court concludes that Judge Tomlinson aptly accounted for lack of success. While the Court acknowledges that courts in this Circuit routinely make across-the-board reductions, (see MAR's Obj. at 4-5), it declines to make an additional reduction. Thus, MAR's objections to the R&R are OVERRULED.

II. Lapolla's Objections

Lapolla acknowledges the deficiencies in its fee application and essentially objects to the R&R insofar as it failed to recommend that Lapolla be provided an opportunity to remedy

16

these shortcomings. (Lapolla's Obj. at 4-6.) Lapolla submits an exhibit highlighting additional relevant fees and seeks to submit a revised motion for counsel fees that "thoroughly explains the reasons those fees and costs should also be awarded in addition to those already identified by the Court, as well as addressing the deficiencies identified by this Court." (Lapolla's Obj. at 8.) Lapolla also posits a general objection to the R&R "since it does not recommend awarding Lapolla for certain fees and expenses that are within the relevant categories."[2] (Lapolla's Obj. at 8.)

However, the Court declines to permit Lapolla a second bite of the apple. While the Court is mindful that courts in this District have, on occasion, permitted litigants an opportunity to correct deficient fee applications, (see Lapolla's Obj. at 7 (collecting cases)), the Court is under no obligation to do so. Additionally, while Lapolla notes that neither the 2015 R&R nor the 2015 Adoption Order "directed Lapolla to submit affidavits or include legal authorities in support of its Fee Application,"

---

[2] To the extent Lapolla argues that it was required to file its fee application prior to the issuance of the Adoption Order and, as a result, it "attempt[ed] to present the necessary information and documentation in the most logical and comprehensive format it could under the circumstances," such an argument is founded in a fundamental misreading of the 2015 R&R. (See Lapolla's Obj. at 5-6.) The 2015 R&R recommended that the District Court direct Lapolla to file its fee application within a maximum of thirty days, (see 2015 R&R at 57); it did not direct Lapolla to file a fee application within thirty days of the 2015 R&R.

(Lapolla's Obj. at 7), the Court was not obligated to provide Lapolla with detailed instructions on how to support a cognizable fee application. Similarly, the Court acknowledges Lapolla's letter motions requesting an opportunity to submit "additional information or clarification" and set a status conference on the fee application. (Docket Entries 133, 134.) However, again, Lapolla is not automatically entitled to an opportunity to present additional information after a motion has been fully submitted. The Court declined to exercise its discretion to permit Lapolla to essentially amend and/or supplement its fee application while it was <u>sub judice</u>, and it continues to decline to exercise its discretion to grant Lapolla an opportunity to file a revised motion. Accordingly, Lapolla's objections are OVERRULED.

CONCLUSION

For the foregoing reasons, Judge Tomlinson's R&R (Docket Entry 136) is ADOPTED in its entirety, MAR's Objections (Docket Entry 137) and Lapolla's Objections (Docket Entry 138) are OVERRULED, and Lapolla's fee application (Docket Entry 129) is GRANTED IN PART and DENIED IN PART. Lapolla is awarded the following attorneys' fees and costs: $40,935 in attorneys' fees to Hoover Slovacek ($1,020 for review of the Maul Emails and $39,915 for time spent drafting the Sanctions Motion and post-hearing brief), $746.70 in attorneys' fees to Greenbaum Rowe, and $2,429.28 in costs to Hoover Slovacek. Lapolla's pending letter motions

(Docket Entries 133 and 134) are TERMINATED AS MOOT. The Clerk of the Court is directed to enter judgment accordingly and mark this case CLOSED.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September  26 , 2017
       Central Islip, New York